UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **RONALD HOF, in his Capacity as Chapter 7 Trustee** **of FoodServiceWarehouse.com, L.L.C**. | **16-11179** SECTION A |
| DEBTOR(S) | CHAPTER 7 |
| **RONALD HOF, Chapter 7 Trustee** **of FoodServiceWarehouse.com, L.L.C**. | ADVERSARY NO. **18-1083** |
| PLAINTIFF | |
| VERSUS | |
| **UNIVERSITY SYSTEM OF MARYLAND-COPPIN STATE UNIVERSITY, ET AL** | |
| DEFENDANTS | |

## MEMORANDUM OPINION

This matter came before the Court on the Motion for Default Judgment filed by Ronald J. Hof, in his capacity as Chapter 7 trustee ("Trustee") of FoodServiceWarehouse.com, L.L.C. ("FSW") against RLS Heating, Air Conditioning and Refrigeration, L.L.C. ("RLS"). Proper notice was served on RLS and a hearing was held on August 7, 2018. Upon request of the Court, Trustee file a brief regarding whether the estate is entitled to attorney's fees.[1] Upon submission of Trustee's brief, the matter was taken under advisement.

**I. Facts**

FSW is a Delaware limited liability company whose principal place of business is in Colorado.

---

[1] P-32.

RLS filed Articles of Organization in Maryland on August 11, 2008. [2] Dorothy Marie Shiflett ("Shiflett") is RLS's registered agent.

University System of Maryland - Coppin State University ("CSU") is a university in Baltimore, Maryland. In 2015, CSU extended an invitation for bids for a new dishwasher and accumulator for its dining hall ("the Equipment"). RLS was the winning bidder, and CSU agreed to pay RLS $144,500.00 for acquisition and installation of the Equipment.

RLS ordered the Equipment from FSW's website and had it shipped to CSU's campus in Baltimore, Maryland. Later, RLS installed the Equipment on CSU's campus. CSU paid RLS in full upon completion of the work.

FSW mailed an invoice for $92,681.01 to RLS.[3] The invoice was returned "undeliverable." On October 6, 2015, FSW sent Invoice #1180367-INV1 to RLS at Shiflett's email address: rlshvacr14@yahoo.com. The invoice was emailed a second time on November 5, 2015. FSW received an automated "out of office" response.

To date, RLS has not remitted payment to FSW.

On May 20, 2016, FSW filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code in the Eastern District of Louisiana. The case was converted to Chapter 7 on October 12, 2016, and Trustee was appointed.

On May 17, 2018, Trustee, as representative of the estate of FSW, filed the above-captioned adversary proceeding against CSU and RLS. Summons was properly executed and served on CSU

---

[2] As it is a limited liability company, RLS is not an infant, incompetent, nor in the military.

[3] The price of the dishwasher was $44,652.71, and the price of the accumulator was $48,028.30.

2

and RLS.

On June 20, 2018, CSU filed a Motion to Dismiss Party.[4] Trustee's claims against CSU were dismissed by Consent Order dated August 10, 2018.[5]

RLS failed to file any pleading or otherwise defend against Trustee's allegations.

On July 12, 2018, Trustee requested that Clerk's Default be entered against RLS, and RLS was properly served with the request.

Clerk's Entry of Default was entered on July 13, 2018,[6] and notice was properly served on RLS.

Trustee filed a Motion for Default Judgment ("Motion") against RLS on July 17, 2018. The Motion was properly noticed for hearing and served on RLS. Hearing on the Motion was held on August 7, 2018. Upon request of the Court, Trustee file a brief on whether the estate was entitled to interest.[7] Upon submission of Trustee's brief, the matter was taken under advisement.

**II. Choice of Law**

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 542(b). When a federal court exercises federal question jurisdiction, federal choice of law principles are applicable.[8] Under federal choice of law rules, courts must apply "the law of the state with the most significant relationship to the particular substantive issue, as to the occurrence

---

[4] P-13.

[5] P.29.

[6] P-18, 20.

[7] P-32.

[8] *Jimenez v. Sun Life Assur. Co. of Canada*, 486 Fed.Appx. 398 (5th Cir. 2012) (citations omitted).

and the parties."[9]

    Contacts to be taken into account ... include:

    (a) the place where the injury occurred,

    (b) the place where the conduct causing the injury occurred,

    (c) the domicil, residence, nationality, place of incorporation and place of business of the parties,

    (d) the place where the relationship, if any, between the parties is centered.[10]

As CSU was dismissed from this proceeding, the contacts of FSW and RLS are at issue.

    RLS is a Maryland limited liability company. It ordered the Equipment online from FSW, and the Equipment was shipped to Maryland. RLS was billed in Maryland. As to where the sale took place, neither the invoice sent to RLS by FSW nor the Bill of Lading indicate when title to the Equipment passed to RLS. The invoice merely indicates that it was shipped "Free Freight."[11]

    Although FSW is a Delaware company with a principal place of business in Colorado, FSW conducted business in Maryland by selling products over the internet nationally. In this case, FSW sold to a Maryland company and shipped its product to Maryland. No part of the transaction occurred in Louisiana.

    The Court finds that Maryland has the most significant relationship to the sale of the Equipment by FSW to RLS and the resulting open account.

---

[9] *Tow v. Rafizadeh (In re Cyrus II Partnership)*, 413 B.R. 609 (Bankr.S.D.Tex. 2008) (citing Restatement (Second) of Conflict of Laws § 145 (1971)).

[10] *Id.*

[11] P-22, Exh. B2 and B4.

### III. Application of Maryland Law

#### A. Amount Invoiced

The Amended Complaint seeks a judgment in the amount of $92,681.01, plus attorney's fees of $9,336; costs; and interest from date of judgment until paid in full.[12]  FSW shipped the Equipment as RLS instructed. RLS used the Equipment for a job, was paid for that job, but did not pay FSW despite receiving invoices by mail and email. The Court finds that RLS is liable to FSW for the invoiced amount of $92,681.01.

#### B. Attorney's Fees and Costs

In Maryland, the general rule is that attorneys fees and costs are born by each party.[13] Exceptions include express statutory imposition of fees; malicious prosecution of criminal charges; and fees incurred against a liability insurer after coverage is denied.[14] Because none of the exceptions are applicable in this case, Trustee is not entitled to attorney's fees and costs.

#### C. Post-Judgment Interest

28 U.S.C. § 1961 provides that post-judgment interest is allowed in federal civil cases from date of judgment until payment.

---

[12] P-5.

[13] *Hess Const. Co. v. Board of Educ. of Prince George's County*, 669 A.2d 1352, 1354 (Md. 1996) (citations omitted).

[14] *Id.*

### IV. Conclusion

The Motion for Default Judgment filed by Trustee will be granted in part and denied in part. The Court finds in favor of Trustee and against RLS in the amount of $92,681.01, plus post-judgment interest at the legal rate until paid in full. Attorney's fees and costs will be denied. A separate Judgment will be entered in accord with this Opinion.

New Orleans, Louisiana, August 28, 2018.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge